**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KESLER ARGON GARCIA,

Petitioner,

v.

CALIFORNIA CITY, et al.,

Respondents.

Case No. 1:26-cv-05878-JLT-SAB

A-Number: 243-133-139

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Doc. 1)

Before the Court is Kesler Argon Garcia's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DIMISSES** the petition as moot. (Doc. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is from Nicaragua. He entered the United States without inspection in September 2022, where he was apprehended by U.S. Border Patrol near Eagle Pass, Texas. (Doc. 6-1 at 2.) Petitioner was paroled into the country but never placed in removal proceedings. (*Id.*) On June 23, 2026, Petitioner was taken into ICE custody and then transferred to the

California City Detention Facility in California City, California. (*Id*. at 2.) He was served with a Notice to Appear charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 4-9.) On July 24, 2027, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (Doc. 1 at 6.) On August 20, 2026, Petitioner received a Notice of Custody Determination, where he requested that an immigration judge review his custody determination. (Doc. 6-1 at 10.) On August 21, 2026, Respondents filed an opposition, maintaining that Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), but was entitled to custody redetermination hearing pursuant to Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026).

On September 1, 2026, the Court conducted a routine search of the EOIR Automated Case Information Database, which revealed that Petitioner had been ordered removed on August 27, 2026 and requested the Respondents to provide the Court with an update on the status of any pending appeals. (Doc. 7.) On September 29, 2026, Respondents informed the Court that Petitioner did not timely appeal the removal order. (Doc. 10 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Because Petitioner was ordered removed on August 27, 2026, and did not file an appeal within the thirty-day window, his order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Thus, Petitioner's

detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief).

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether Petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED AS MOOT**.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 11, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE